IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


EDIE C. W.,[1]                                    6:18-cv-01400-BR

          Plaintiff,                             OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.


**JAMIE M. EVANS**
Evans & Evans, P.C.
610 S.W. Broadway, Suite 405
Portland, OR  97205
(503) 200-2723

          Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

───────────────────

          [1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**ALEXIS L. TOMA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2950

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Edie C. W. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further administrative proceedings.

## ADMINISTRATIVE HISTORY

On July 29, 2014, Plaintiff protectively filed her

application for DIB benefits.  Tr. 22, 154-55.[2]  Plaintiff

alleges a disability onset date of August 20, 2013.  Tr. 22,

154.  Plaintiff's application was denied initially and on

reconsideration.  An Administrative Law Judge (ALJ) held a

hearing on June 22, 2017.  Tr. 43-68.  Plaintiff and a

vocational expert (VE) testified at the hearing.  Plaintiff was

represented by an attorney at the hearing.

On August 7, 2017, the ALJ issued an opinion in which she

found Plaintiff is not disabled and, therefore, is not entitled

to benefits.  Tr. 22-36.

On September 27, 2017, Plaintiff requested review by the

Appeals Council.  Tr. 150.  On May 22, 2018, the Appeals Council

denied Plaintiff's request to review the ALJ's decision, and the

ALJ's decision became the final decision of the Commissioner.

Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On July 25, 2018, Plaintiff filed a Complaint in this Court

seeking review of the Commissioner's decision.

---

[2] Citations to the official Transcript of Record (#11)
filed by the Commissioner on December 27, 2018, are referred to
as "Tr."

## BACKGROUND

Plaintiff was born on December 28, 1961.  Tr. 154.
Plaintiff was 51 years old on her alleged disability onset date.
Plaintiff has a high-school education, was licensed as a
Certified Nurse Assistant, and earned a Medical Assistant
license.  Tr. 48-49, 172.  Plaintiff has past relevant work
experience as a medical assistant.  Tr. 34.

Plaintiff alleges disability due to fibromyalgia, chronic
widespread pain, migraines, Graves Disease, hypothyroidism,
depression, anxiety/panic attacks, Post-Traumatic Stress
Syndrome (PTSD), and chronic fatigue.  Tr. 71.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 29-34.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or

mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence

whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 404.1520(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also*
*Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.*
*Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony
of a VE or by reference to the Medical-Vocational Guidelines (or
the grids) set forth in the regulations at 20 C.F.R. part 404,
subpart P, appendix 2.  If the Commissioner meets this burden,
the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1).


**ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since August 20, 2013, Plaintiff's
alleged disability onset date.  Tr. 24.

At Step Two the ALJ found Plaintiff has the severe
impairments of obesity, fibromyalgia, psoriatic arthritis,
osteoarthritis, right plantar fasciitis, degenerative disc

disease, and inflammatory arthritis.  Tr. 25.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 27.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  can occasionally balance, stoop, crouch, kneel, crawl, and climb ramps and stairs; cannot climb ladders, ropes, or scaffolding; and "can frequently pedal with both lower extremities." Tr. 28.

At Step Four the ALJ concluded Plaintiff is able to perform her past relevant work as a medical assistant.  Tr. 34.

Accordingly, the ALJ found Plaintiff is not disabled. Tr. 35.


## DISCUSSION

Plaintiff contends the ALJ erred when she failed (1) to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony; (2) to include any mental limitation in her assessment of Plaintiff's RFC; and (3) to consider properly the lay-witness testimony of Jeffrey W., Plaintiff's husband.

**I. The ALJ erred in part when she found Plaintiff's testimony was not fully credible.**

Plaintiff contends the ALJ erred when she failed to provide clear and convincing reasons for discounting Plaintiff=s symptom testimony.

**A. Standards**

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). The claimant is not required to show that her "impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id.*

If the claimant satisfies the first step of this

analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). General assertions that the claimant's testimony is not credible are insufficient. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

## B. Analysis

Plaintiff described her symptoms as chronic widespread pain, fatigue, pain from migraine headaches, depression, anxiety, and memory problems. Tr. 184-90. Plaintiff testified she experiences numbness in her legs. Tr. 60. She alleges she can walk up to one-half mile before needing to rest; can sit five or ten minutes before needing to change positions; and can

stand for just a few minutes at a time.  Tr. 189, 205.

Plaintiff states she needs reminders for medications and

appointments.  Tr. 186.  She states she can complete household

tasks, but she tires easily and naps for two-to-four hours a

day.  Tr. 184-90.

The ALJ concluded the medical evidence does not

support Plaintiff's allegations of disabling symptoms and

limitations.  Tr. 29.  For example, the ALJ cited several

musculoskeletal examinations related to Plaintiff's complaints

of pain that show Plaintiff had "normal sensation," "normal

strength bilaterally," "full range of motion," and "normal

gait."  Tr. 29-33.  The ALJ also noted Mike Henderson, D.O., an

independent medical examiner, found Plaintiff had the ability to

rise from a chair and to squat normally; had a normal gait; had

normal muscle bulk and tone; had equal strength in upper and

lower extremities; and had intact sensation.  Tr. 359-61.

Dr. Henderson concluded there was not "sufficient objective

evidence to limit sitting, standing or walking."  Tr. 361.

The ALJ also noted "treatment was effective in

treating [Plaintiff's] pain."  Tr. 33.  The effectiveness of

treatment or medication is a relevant factor to determine the

severity of a claimant's symptoms.  20 C.F.R. § 404.1529(c)(3).

The ALJ noted Plaintiff received significant pain relief from injections to her right foot and that the use of medications such as prednisone, methotrexate, and Enbrel improved her symptoms.  Tr. 33.

The ALJ also noted Plaintiff's activities suggest she can function at a greater capacity than she alleges.  Tr. 33. Activities are a proper ground for questioning the reliability of a claimant's subjective allegations.  *Molina*, 674 F.3d at 1113.  For example, the ALJ specifically noted Plaintiff obtained her commercial driver's license (CDL) to become a school-bus driver during the period at issue.  Tr. 33, 55-57. Although Plaintiff contends the ALJ failed to state why this activity was inconsistent with Plaintiff's reported pain, Plaintiff testified she was working about 15 hours per week while she was in training and 10-to-12 hours per week after she completed training.  Tr. 61.  Plaintiff also testified the bus routes take two and a half to three hours per route.  Tr. 61. Such activity is inconsistent with complete disability.

On this record the Court concludes the ALJ did not err when she discounted Plaintiff's general symptom testimony and found it was not fully credible because the ALJ provided clear and convincing reasons supported by substantial evidence in the

record for doing so.

Plaintiff, however, also contends the ALJ erred when she rejected Plaintiff's subjective reports of fibromyalgia symptoms on the ground that the record did not reflect objective medical evidence to support Plaintiff's allegations. The Commissioner concedes this was an improper basis for discounting Plaintiff's testimony and that the Ninth Circuit "forecloses that rationale" in *Revels v. Berryhill*, 874 F. 3d 648 (9th Cir. 2017). Def.'s Brief (#13) at 7. Nevertheless, the Commissioner contends such error is harmless because "the ALJ's decision remains legally valid, despite such error." *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Although, as noted, the ALJ provided specific and legitimate reasons for rejecting other aspects of Plaintiff's symptom testimony, on this record the Court finds the ALJ erred when she failed to provide specific and legitimate reasons for rejecting Plaintiff's symptom testimony related to her fibromyalgia in light of the ALJ's determination that Plaintiff, in fact, has the severe impairment of fibromyalgia. Thus, the Court concludes the ALJ's error was not harmless.

## II. The ALJ erred when she failed to include or to consider a mental limitation when she assessed Plaintiff's RFC.

Plaintiff contends the ALJ erred when she failed to include

a mental limitation when she assessed Plaintiff's RFC.

In response, the Commissioner contends the ALJ properly evaluated the mental-health opinion evidence, and, in any event, Plaintiff waived any challenge to the ALJ's determination that Plaintiff's mental impairments are nonsevere.

**A.    Standards**

At Step Two a claimant bears the burden to provide evidence that she has a severe impairment.  20 C.F.R. § 404.1512.

The ALJ is required, however, to consider the combined effect of all of the claimant's impairments on her ability to function without regard to whether each alone is sufficiently severe.  *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir.2003).  *See also Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir.1996); 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 416.923.  If the ALJ determines a claimant is severely impaired at Step Two, the ALJ continues with the sequential analysis and considers all of the claimant's limitations.  SSR 96-9p, available at 1996 WL 374184 (July 2, 1996).  If the ALJ fails to consider limitations imposed by an impairment at Step Two but considers them at a later step in the sequential analysis, any error at Step Two is harmless.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

*See also Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).
Step Two is "merely a threshold determination of whether the
claimant is able to perform [her] past work."  *Hoopai v. Astrue*,
499 F.3d 1071, 1076 (9th Cir. 2007).

**B.   Analysis**

As noted, the ALJ resolved Step Two in Plaintiff's
favor, and, therefore, any failure to find a condition to be a
severe impairment at Step Two is harmless as long as the ALJ
considers all of Plaintiff's functional limitations, including
those caused by any omitted impairment.  *Lewis v. Astrue*, 498
F.3d 909, 911 (9th Cir. 2007).

The ALJ gave great weight to the opinion of Irmgard
Friedburg,[3] Ph.D., a state-agency psychologist, who concluded
Plaintiff's mental impairments were nonsevere.  Tr. 34, 76-77.
The ALJ found Dr. Friedburg's opinion to be consistent with
other records of mental-status examinations that showed
Plaintiff's memory was intact.  Tr. 34.  The ALJ also noted
Plaintiff obtained her CDL during the period in question.
Tr. 34.  Accordingly, when the ALJ evaluated Plaintiff's RFC,
the ALJ did not assess any limitations regarding Plaintiff's

---

[3] The ALJ incorrectly identified Dr. Friedburg as
Dr. "Fried" in the ALJ's decision.

mental capabilities.  Tr. 28.

Plaintiff, nevertheless, contends she has mental limitations that should have been included in the ALJ's assessment of her RFC.  Plaintiff points to the opinion of Scott Kaper, Ph.D., another state-agency consultant, who found Plaintiff has moderate difficulties in maintaining concentration, persistence, or pace; chronic pain interferes with these functions; and recommended "limiting [Plaintiff] to simpler tasks."  Tr. 88.  Dr. Kaper indicated Plaintiff is "capable of understanding, remembering and performing simple and some detailed tasks."  Tr. 92.  Dr. Kaper also found the combination of Plaintiff's physical and psychological symptoms "would interfere with [her] ability to sustain [concentration, persistence, or pace] for detailed tasks on a consistent basis."  Tr. 92.

The ALJ gave Dr. Kaper's opinion little weight on the grounds that Plaintiff's anxiety and depression are nonsevere impairments, that Plaintiff stated she could follow spoken instructions "fairly well," that other mental-status examinations show Plaintiff's thoughts and speech are logical and linear and that her mood and affect are appropriate, and

that Plaintiff obtained her CDL during the period in question. Tr. 34.

The ALJ is required to consider the combined effect of all of the claimant's limitations on her ability to function without regard as to whether each alone is sufficiently severe. *Howard*, 341 F.3d at 1012. Although the ALJ did not err at Step Two when she determined Plaintiff did not have a severe mental condition, the ALJ failed to consider other mental limitations that are supported by the medical record when the she assessed Plaintiff's RFC. The ALJ also did not include such limitations in the hypothetical posed to the VE, which may have altered the VE's testimony as to whether Plaintiff was able to perform her past relevant work.

Based on this record the Court concludes the ALJ erred when she failed to consider Plaintiff's mental limitations when the she assessed Plaintiff's RFC.

## III. The ALJ did not err when she discounted the lay-witness statements.

Plaintiff contends the ALJ erred when she failed to provide germane reasons for discounting the lay-witness statements of Jeffrey W., Plaintiff's husband, regarding Plaintiff's limitations.

**A.  Standards**

Lay-witness testimony regarding a claimant's symptoms
is competent evidence that the ALJ must consider unless he
"expressly determines to disregard such testimony and gives
reasons germane to each witness for doing so."  *Lewis v. Apfel,*
236 F.3d 503, 511 (9th Cir. 2001).  The ALJ's reasons for
rejecting lay-witness testimony must also be "specific."  *Stout*
*v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir.
2006).  Germane reasons for discrediting a lay-witness's
testimony include inconsistency with the medical evidence and
the fact that the testimony "generally repeat[s]" the properly
discredited testimony of a claimant.  *Bayliss v. Barnhart*, 427
F.3d 1211, 1218 (9th Cir. 2005).  *See also Williams v. Astrue*,
493 F. App'x 866 (9th Cir. 2012).

**B.  Analysis**

On September 23, 2014, Jeffrey W. submitted a Third-
Party Function Report.  Tr. 192-99.  Jeffrey W. indicated
Plaintiff has memory problems, experiences pain, and is
disorganized.  Tr. 192.  He noted Plaintiff is unable to sleep
due to pain, experiences pain when sitting too long, and tires
easily.  Tr. 193, 196.

The ALJ gave "little weight" to Jeffrey W.'s

statements regarding Plaintiff's limitations on the grounds that they were not supported by the objective medical evidence and that Plaintiff was able to obtain her CDL.  Tr. 34.  Thus, the Commissioner contends the ALJ discredited Jeffrey W.'s statements based on the same evidence that the ALJ relied on to discount Plaintiff's testimony.

As noted, the Court has concluded the ALJ properly discounted Plaintiff's symptom testimony except as to Plaintiff's fibromyalgia pain symptoms.  Although Jeffrey W. indicates Plaintiff "experiences pain," he did not identify the basis for his statement.

On this record the Court concludes the ALJ did not err when he discounted the lay-witness statements of Jeffrey W., Plaintiff's husband, because she provided germane reasons for doing so.

## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for the calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely

utility of further proceedings. *Carmickle*, 533 F.3d at 1179.

The court may "direct an award of benefits where the record has

been fully developed and where further administrative

proceedings would serve no useful purpose." *Smolen*, 80 F.3d at

1292.

The Ninth Circuit has established a three-part test "for

determining when evidence should be credited and an immediate

award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172,

1178 (9th Cir. 2000). The court should grant an immediate award

of benefits when

> (1) the ALJ has failed to provide legally sufficient
> reasons for rejecting such evidence, (2) there are no
> outstanding issues that must be resolved before a
> determination of disability can be made, and (3) it is
> clear from the record that the ALJ would be required
> to find the claimant disabled were such evidence
> credited.

*Id.* The second and third prongs of the test often merge into a

single question: Whether the ALJ would have to award benefits

if the case were remanded for further proceedings. *Id.* at 1178

n.2.

As noted, the Court concludes the ALJ failed to provide

legally sufficient reasons supported by substantial evidence in

the record for discounting Plaintiff's symptom testimony

regarding her fibromyalgia, failed to consider any of

Plaintiff's mental limitations when she assessed Plaintiff's RFC, and failed to include any mental limitations in her hypothetical posed to the VE.  Thus, the ALJ must reconsider these issues in order to determine whether Plaintiff is disabled.

The Court, therefore, remands this matter to the ALJ for further administrative proceedings consistent with this Opinion and Order.


## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 25th day of June, 2019.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge